**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   No.     CV 19-298 WJ/GJF
                                                                CR 17-1358 WJ

MICHAEL RAY SEPULVEDA,

    Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

In accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Court referred Defendant Sepulveda's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") [Cr Doc. 62; CV Doc. 2] to Magistrate Judge Gregory Fouratt to conduct hearings and recommend an ultimate disposition. *See* Order of Reference, CV Doc. 3. On August 7, 2019, Judge Fouratt filed his Proposed Findings and Recommended Disposition ("PFRD"). CR Doc. 65; CV Doc. 12. The PFRD recommended that this Court deny Defendant's Motion and decline to issue a certificate of appealability.

On August 30, 2019, Defendant objected to the PFRD. *See* Doc. 13. The Government neither objected to the PFRD nor responded to Defendant's objections. Having reviewed de novo the portions of the PFRD to which Defendant objects, the Court now overrules the objections and adopts the PFRD. Accordingly, the Court will deny Defendant's Motion, dismiss this action with prejudice, and deny Defendant a certificate of appealability.

## I. BACKGROUND

Judge Fouratt detailed the factual background of this case in his PFRD. CR Doc. 65 at 1-11; CV Doc. 12 at 1-11. In sum, Defendant pleaded guilty to Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). The plea agreement contemplated a range of twenty to twenty-five years in prison, followed by a lifetime of supervised released. As part of his obligations under the plea agreement, Defendant agreed to waive all appeal rights, except for claims based on ineffective assistance of counsel. After considering the PSR, the parties' sentencing memoranda, and the parties' arguments at the sentencing hearing, this Court sentenced Defendant to twenty-five years imprisonment followed by a lifetime of supervised release. During the litigation of this case, Defendant was represented by three appointed attorneys: Dennis Candelaria, Mario Esparza, and John Granberg.

## II. DEFENDANT'S OBJECTIONS

Defendant begins his challenge to the PFRD by objecting to Judge Fouratt's conclusion that his ineffective assistance of counsel claim, grounded in a failure to investigate, related only to Mr. Esparza. CV Doc. 13. at 3. While this ordinarily would be a cognizable objection worthy of analysis, Defendant introduces two new theories—ones *not* advanced in his original Motion—as to why his three appointed counsel were ineffective for failing to investigate. Specifically, he now argues that "no competent attorney would have advised his client to plead guilty being fully aware that New Mexico's legal age of consent is sixteen years old—the age of the alleged victim in this case." *Id*. Moreover, Defendant asserts that he was the "victim of an attempted murder plot orchestrated by the alleged victim—the sixteen-year-old because [Defendant] could no longer pay the sixteen year old [sic] blackmail demands." *Id*. at 6. Defendant submits that his first appointed counsel (Assistant Federal Public Defender ("AFPD") Dennis Candelaria) should have

investigated this alleged murder plot. While it is improper for a § 2255 movant to introduce at the objection phase new theories that he did not raise in the original Motion, the Court will address them nonetheless.

Defendant also attacks Judge Fouratt's decision to discount certain evidence that Defendant referred to in his Motion. Defendant asserts that the self-titled "Exhibit A" appended to his Motion, CR Doc. 62 at 29-30; CV Doc. 2 at 29-30, proves that AFPD Dennis Candelaria failed to conduct an investigation. CV Doc. 13 at 5. Lastly, Defendant takes issue with the PFRD's determination that a letter docketed on June 2, 2017, CR Doc. 30, failed to establish that he had requested that Mr. Esparza withdraw his guilty plea. CV Doc. 13 at 7.

## III.  LEGAL STANDARD

### A. Standard for Objections to a Magistrate Judge's Report

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a de novo review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id*. § 636(b)(1)(C). De novo review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## B. Standard for Ineffective Assistance

The Sixth Amendment to the United States Constitution guarantees Defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). And the same two-part standard, i.e., that counsel's performance fell below an objective standard of reasonableness and the defendant suffered prejudice as a result of the deficient performance, applies equally to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To establish the first prong, a defendant must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). Overcoming this burden requires a defendant to establish that the "attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

In order to satisfy the "prejudice" requirement in the context of guilty pleas, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59. "[A] mere allegation that [the defendant] would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (quotations omitted).

Similarly, defense counsel can offend the Sixth Amendment by failing to conduct a proper investigation. *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003). Under a "reasonableness in all the circumstances" approach, defense counsel cannot ignore "pertinent avenues of investigation."

*Porter v. McCollum*, 558 U.S. 30, 40 (2009). Nor can counsel ignore even a single, particularly promising investigation lead. *See Rompilla v. Beard*, 545 U.S. 374, 383-84 (2005).

**IV. ANALYSIS**

At the outset, and for clarification, the Court feels obliged to discuss in more detail two of Defendant's "objections." First, Defendant's new failure to investigate theory that all three appointed counsel were deficient because "no competent attorney would have advised his client to plead guilty being fully aware that New Mexico's legal age of consent is sixteen years old—the age of the alleged victim in this case," is entirely without merit. Doc. 13 at 3.[1] To support this new argument (first introduced in his Reply to the Government's opposition to his § 2255 Motion), Defendant directs the Court to statements made by the prosecutor at sentencing when discussing a disparity between the PSR's estimated sentencing guideline range and the Government's own estimate:

> The other, the other difference in where we came out from what Probation did was the offense conduct that they relied on, I believe they call it 1B, offense 1B. I did not calculate that, and the reason I did not calculate that is because I was not sure that it would qualify as an enticement crime because the minor had represented himself to be 16 years of age, and in New Mexico the age of consent is 16 years of age. Enticement requires that they would have engaged in unlawful sexual activity. It is not clear that that would have been the case had the 16-year-old consented, or the individual who represented himself to be 16 would have consented.

Sntc'g Tr., CR Doc. 50, 4:21-5:6.

Defendant appears to fundamentally misunderstand that the PSR estimated a guideline range based upon criminal conduct that related to *all three* alleged victims (V1, V2, and V3). *See*

---

[1] With respect to Defendant's ineffective claim based on a failure to investigate mitigating evidence to present to the sentencing judge, Defendant makes no objection to Judge Fouratt's conclusion that he suffered no prejudice. Consequently, Defendant has waived all arguments that relate to this theory. *See One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d at 1060; *see also Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (the "[f]ailure of a [party] to object to a magistrate judge's recommendations results in a waiver of appellate review.).

CR Doc. 34 at 9-11. At sentencing, the Government merely explained that it did not consider in its guideline estimate any conduct that related to *one* of the three alleged victims (V3) on the Enticement charge because of issues with New Mexico's age of consent. But no matter how Defendant tries to argue it, one thing is certain: Defendant committed, was correctly charged with, and pled guilty to two crimes (Enticement of a Minor and Receipt of Child Pornography) against a fourteen-year-old boy (V1). Defendant has never contested that V1 was under the legal age of consent in New Mexico. Consequently, Defendant's fixation with the age of V3 is quite beside the point.

Next, Judge Fouratt correctly disregarded Defendant's claim that AFPD Candelaria failed to investigate a blackmailing and murder plot that Defendant alleges was perpetrated against him. Specifically, Defendant alleges that, when he ended his relationship with a sixteen-year-old-boy, the boy became upset and threatened to make false accusations against him (i.e., that Defendant was in a sexual relationship with the boy's fourteen-year-old brother) and threatened to get gang members to kill Defendant. Mot. 2. This claim amounts to nothing more than a red herring. To illustrate, the PSR's statement of facts, which this Court adopted *without* objection and to which Defendant has made no ineffective assistance claim against defense counsel for failing to object, *see* Sntc'g Tr., 16:13-16, properly lays out the background of the case. It is true that Defendant fled at a high rate of speed after being confronted and subsequently chased by two male relatives of V3. PSR ¶¶ 20-25. However, these two male relatives sought out Defendant only after they discovered that he had tried to have intercourse with V3 by representing himself to be a sixteen-year-old girl. *Id*. ¶ 20. Nowhere does the PSR suggest that the male relatives sought out Defendant because he attempted to "break up" with V3.

In addition, law enforcement learned about V1 (the fourteen-year-old victim who provides the foundation for the plea agreement) and V2 (also under the age of sixteen) only after Facebook disclosed Defendant's private messages. *Id.* ¶ 24. The only connection that V1 and V2 have to V3 is that the resulting car chase, which led to Defendant's arrest and subsequent interview by the FBI, alerted law enforcement to Defendant's predatory behavior against minor males. These events triggered the subsequent investigation that ultimately led to law enforcement's discovery of V1 and V2. *Id.* This sequence of events, which was set forth in the PSR and not objected to, plainly refutes Defendant's theory that he was blackmailed or coerced into admitting and later pleading guilty to crimes associated with underage V1 and V2. Any attempt by Defendant to shift the blame to V3 or to his relatives—or to any of Defendant's three appointed counsel—is fruitless as a matter of law. Defendant's contrived narrative is designed to distort the facts and is rejected.

Moreover, Defendant did not even properly assert an ineffective assistance claim on the ground that AFPD Candelaria failed to investigate this "blackmail and/or murder plot" story. Merely including a self-serving "fact" section in his Motion is not enough to make this argument cognizable for review. Nor for that matter is merely objecting to Judge Fouratt's decision not to address this argument. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (although a pro se litigant's pleadings are to be construed liberally, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."). Accordingly, any allegation that AFPD Candelaria (or the two other court appointed attorneys) was deficient for failing to investigate this alleged murder plot is completely baseless and Judge Fouratt properly disregarded such an absurd statement of "facts."

The Court can also make short work of Defendant's remaining objections. Turning to Defendant's "Exhibit A," this undocketed and unverified letter offers little in the way of supporting

7

a grant of habeas relief.[2] Even assuming that Defendant did not write this letter at the same time that he drafted his habeas petition, its substance fails to establish or allege that Defendant either would have not pled guilty and gone to trial or that counsel committed an error that prejudiced him. And it certainly does not establish ineffective assistance for failing to investigate Defendant's blackmail theory. *See supra*. Judge Fouratt rightfully discounted its relevance.

The same can be said for the letter docketed on June 2, 2017, Doc. 30, in which Defendant "respectfully request[ed] to withdraw [his] plea deal." Doc. 30. Judge Fouratt determined that it appeared that "Defendant had buyer's remorse," and that a "desire for a better deal would not have been a "fair and just" reason under Fed. R. Crim. P. 11(d)(A)(2) to withdraw a guilty plea." PFRD n.11. So even assuming that Defendant is correct in his assertion that this letter proves that he wanted to withdraw his guilty plea (in hopes of an "equitable plea deal" or to potentially proceed to trial), he has failed to object to the PFRD's ultimate conclusion on the issue: Defendant failed to put forth a valid reason as to why he would have been allowed to withdraw his guilty plea. Without asserting a valid reason, counsel cannot be deemed to have acted unreasonably for not moving to withdraw the plea. More relevant, however, is that Defendant made no objection to Judge's Fouratt's conclusion that Defendant suffered no prejudice anyway because he nowhere alleged that he would have instead proceeded to trial.

In sum, Defendant's objections are entirely without merit. Defendant continuously shifted positions throughout his briefing in hopes of finding a successfully argument. In the end, as explained herein, none were.

---

[2] Defendant did send a letter that asked the Court to remove AFPD Candelaria, after which a new attorney was appointed. Notably, that letter accused AFPD Candelaria of "pressuring Defendant into signing a draconian 25-plea deal." *See* Doc. 15. But this docketed letter is not mentioned in his Motion, Reply, or Objections. And even though Defendant does not blame AFPD Candelaria for inducing him into entering the plea agreement, that claim would fail in any event because Defendant pled guilty more than two months after this letter was filed. Furthermore, it was Mr. Esparza and not AFPD Candelaria who represented Defendant when he pled guilty.

8

## V. CONCLUSION

**IT IS ORDERED** that the Court **ADOPTS** Magistrate Judge Fouratt's Proposed Findings and Recommended Disposition (CR Doc. 65; Civ Doc. 12) and **DENIES** Petitioner's Motion (CR Doc. 62; Civ. Doc. 2).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice, a Certificate of Appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE